IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDY GILDON, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. : 1:21-cv-1109 |
| ) | |
| ) | |
| IVY TECH COMMUNITY COLLEGE, ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action brought by Plaintiff, Brandy Gildon ("Gildon"), by counsel, against Ivy Tech Community College ("Ivy Tech" or "Defendant"), for violating the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), as well as for retaliating against Plaintiff because she engaged in protected activity.

### I.   JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §1331, § 1337, and §1343.  This action is being brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq.

2. This Court also has jurisdiction to grant injunctive and declaratory relief and award damages pursuant to 42 U.S.C. § 12117.

3. Gildon filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 10, 2019 and amended the Charge in October 2020.  The EEOC issued its Dismissal and Notice of Rights on February 2, 2021. (See Exhibit

A).  This action is timely filed within ninety (90) days of Plaintiff's receipt of the EEOC decision.

4. Venue is proper in the Southern District of Indiana, Indianapolis, Division, as the parties reside and/or conduct business in Indianapolis, IN and the discriminatory conduct occurred in Marion County, Indiana, within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## II.  PARTIES

5. Gildon is a citizen of the United States of America, and a resident of Hamilton County, Indiana.

6. At all relevant times, Gildon was an employee of Defendant, Ivy Tech.

7. Defendant, Ivy Tech is a community college that offers two-year education programs throughout the State of Indiana. Plaintiff worked at its Indianapolis location, at 50 W. Fall Creek Pkwy N. Drive, Indianapolis, IN 46208.

8. Defendant has more than fifteen (15) employees and satisfies the definition of an "employer," as that term is defined in Section 101 of the ADA, 42 U.S.C. § 12111(5(A)

## III. FACTUAL ALLEGATIONS

9. Gildon became her employment with Defendant in 2007.

10. At all relevant times, Gildon was the Assistant Director of Finance and the Payroll Manager.

11. Plaintiff suffers from cancer.

12. Plaintiff's direct supervisor, Sharnell Johnson, ("Johnson") was aware of Plaintiff's disability.

13. Johnson harassed, demeaned and embarrassed Plaintiff based on her disability.

14. Specifically, Plaintiff suffered hair loss as a result of her cancer and Johnson repeatedly made disparaging remarks about her hair loss in front of others.

15. Gildon attempted to address the inappropriate conduct with Johnson, to no avail.

16. Gildon also contacted Johnson's supervisor, Corey Back ("Back"), to assist her in addressing the harassment.

17. Back discouraged Gildon from pursuing her claims of harassment, and was very rude, insensitive and intimidating in advising Gildon not to report her complaints to anyone higher in the college.

18. Back got so annoyed that Gildon was going to report her discrimination claims that he got so close into her personal space that she thought he might try to hit her.

19. Gildon was very upset, anxious, and disturbed by her conversation with Back.

20. Shortly after Gildon's conversation with Back, she suffered a heart attack.

21. Gildon was allegedly removed from Johnson's direct supervision and was told she would not have to work closely with Johnson.

22. Despite Defendant's assurances, Gildon was still required to work closely with Johnson in her normal duties.

23. Back also continued to harass and intimidate Gildon.

24. In Gildon's subsequent performance evaluation, after she reported the discrimination to the Human Resource Department, she was negatively cited for having poor interpersonal skills due to lessened contact with Johnson.

25. Ivy Tech representatives also improperly disclosed Gildon's heart attack to other employees in an email.

26. In addition to Gildon's finance and payroll duties, she also taught two Ivy Tech courses.

27. Once Gildon's heart attack was disclosed, she was denied the opportunity to work under her two teaching contracts.

28. Gildon has suffered, and continues to suffer, a loss of past, present, and future income, damage to her career, mental and physical anguish, as well as other financial losses.

## IV. LEGAL ALLEGATIONS

## COUNT 1- VIOLATION OF THE ADA

29. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-28.

30. Plaintiff is disabled within the meaning of the ADA, in that she has a physical impairment that substantially limits a major life activity.

31. Plaintiff is a qualified individual with a disability.

32. At all relevant times, Defendant was aware of Plaintiff's disability.

33. Defendant harassed Plaintiff based on her disability.

34. Defendant retaliated against Plaintiff based on her disability.

35. Defendant's treatment of Plaintiff because of her disability was in violation of the ADA.

36. Defendant's acts or omissions in this matter amounted to discrimination against the Plaintiff based on her disability.

37. Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Brandy Gildon, by counsel, does hereby request the following as relief:

1. Enter judgment in favor of Plaintiff;

2. Enjoin Defendant from committing further acts of discrimination and retaliation;

3. Award lost wages, front pay, and associated benefits due to the denial of Plaintiff's statutory rights;

4. Award compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions.

5. Award compensatory damages;

6. Award compensation for all past and future pecuniary and non-pecuniary losses, including emotional pain, inconvenience and humiliation;

7. Award liquidated damages;

8. Award punitive damages;

9. Award all costs and attorney's fees incurred as a result of pursing this action;

10. Award pre- and post-judgment interest in all sums recoverable; and

11. Award all other legal and/or equitable relief this Court deems just and proper.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____

Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a jury trial as to all issued deemed triable.

Respectfully submitted,
CURLIN & CLAY LAW,
ASSOCIATION OF ATTORNEYS

*s/Robin C. Clay*

_____

Robin C. Clay, 22734-49
8510 Evergreen Ave. Suite 200
Indianapolis, IN  46240
Telephone (317) 202-0301
Facsimile (317) 282-0688
E-mail: rclay@curlinclaylaw.com