UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDY GILDON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | 1:21-cv-1109-JMS-MG |
| | ) | |
| IVY TECH COMMUNITY COLLEGE, | ) | |
| | ) | |
| *Defendant.* | ) | |

## ORDER

Pending before the Court and ripe for a decision is Plaintiff Brandy Gildon's Motion for Leave to Amend her Complaint, [Filing No. 31], which Defendant Ivy Tech Community College ("Ivy Tech") opposes, [Filing No. 32]. In sum, Plaintiff, by way of amendment, seeks to swap her disability discrimination claims for Title VII race discrimination claims.

### I.
### BACKGROUND

Plaintiff filed this lawsuit against her employer, Ivy Tech, on April 30, 2021, asserting claims under the Americans with Disabilities Act (the "ADA"). Plaintiff alleges that Ivy Tech employees harassed her because she was undergoing treatment for cancer and because she had a heart attack. [Filing No. 1 at 2-4.] She also alleges that after she complained about the harassment, Ivy Tech retaliated against her and denied her opportunities. [Filing No. 1 at 3-4.]

Ivy Tech filed an Answer to Plaintiff's Complaint on September 17, 2021. [Filing No. 14.] The Court issued a Case Management Plan Order (the "CMP Order") on October 5, 2021. [Filing No. 18.] The CMP Order provided a deadline of January 3, 2022 for the parties to amend pleadings. [Filing No. 18 at 3.]

On November 17, 2021, notwithstanding that Ivy Tech had already answered the original Complaint, Ivy Tech filed a Motion to Dismiss, [Filing No. 19], under Fed. R. Civ. P. 12(b)(6) on Eleventh Amendment immunity grounds.[1] Specifically, Ivy Tech's Motion to Dismiss argues that because the Supreme Court has previously determined that Eleventh Amendment immunity applies to ADA claims (absent express waiver by a State), it is immune from Plaintiff's ADA claims. [*See generally* Filing No. 20.]

Rather than filing a brief in response to Ivy Tech's Motion to Dismiss, Plaintiff filed the instant Motion for Leave to Amend on January 26, 2022. [Filing No. 31.] Plaintiff's Proposed Amended Complaint, [Filing No. 31-1], does not reassert ADA claims and instead asserts claims of racial discrimination and retaliation under Title VII and 42 U.S.C. § 1983. Plaintiff contends that the harassing and retaliatory actions previously identified in the original Complaint are also attributable to her race. The Proposed Amended Complaint also includes new factual allegations about events that occurred after the filing of the original Complaint, including that in May 2021, Plaintiff learned that she would remain on a performance-improvement plan (the "PIP") and that in August 2021, her workload was increased without additional pay. [Filing No. 31-1.]

To advance her Title VII claim, Plaintiff signed an EEOC charge on January 24, 2022 describing the alleged discrimination, which the EEOC received on January 25, 2022. [Filing No. 32-1.] The EEOC issued a right-to-sue letter on January 26, 2022, dismissing Plaintiff's charge and stating that she had 90 days to initiate a lawsuit. [Filing No. 31-2.] Plaintiff filed the instant Motion to Amend the same date that she received the EEOC's right-to-sue letter. [Filing No. 31.]

---

[1] When a party files a Fed. R. Civ. P. 12(b)(6) motion after it has already answered, the motion should be treated as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. *See Lanigan v. Vill. of East Hazel Crest, Ill.*, 110 F.3d 467, 470 n.2 (7th Cir. 1997).

## II.
### DISCUSSION

Plaintiff's Motion for Leave to Amend is very short. [Filing No. 31.] Plaintiff says the new race-based claims involve the "same parties" and a "similar transactions/occurrence." [Filing No. 31 at 1.] She additionally asserts that some of the complained-of conduct in the Proposed Amended Complaint occurred after the filing of the original Complaint, and that she has filed an EEOC Charge based on these more recent allegations. [Filing No. 31 at 1.] She says that permitting the amendment will "preserve the Court's resources," by seeking relief in this existing lawsuit "in lieu of filing a new Complaint." [Filing No. 31 at 1.]

Ivy Tech opposes Plaintiff's Motion for Leave to Amend. Ivy Tech argues that Plaintiff's Motion for Leave does not satisfy the "good cause" requirement in Fed. R. Civ. P. 16, which required Plaintiff to establish "good cause" to set aside the CMP Order's January 3, 2022 deadline for amendments. [Filing No. 32 at 4-7.] Ivy Tech further asserts that the new Title VII and § 1983 race-based claims are "not remotely related to the alleged claim of disability discrimination contained in Plaintiff's Original Complaint." [Filing No. 32 at 3-4.] Ivy Tech also argues that it is prejudiced by Plaintiff's delay in seeking amendment. Ivy Tech's opposition brief focuses intently on the timing of Plaintiff's Motion for Leave, noting that it was filed the day Plaintiff's response to Ivy Tech's Motion to Dismiss was due. [*See* Filing No. 32 at 9.] It also points out that the EEOC received Plaintiffs Charge on January 25, 2022, *i.e.*, one day prior to the response deadline for the Motion to Dismiss. Finally, Ivy Tech says that Plaintiff's proposed amendments are futile because, with respect to the Title VII claim, the EEOC's right-to-sue letter is dated January 26, 2022—a mere day after the EEOC received Plaintiff's Charge—and the letter incorrectly states that "more than 180 days have passed since the filing of this charge." [Filing No. 32 at 10-11.] In light of this, Ivy Tech says, Plaintiff has not administratively exhausted her

3

claim. As for the § 1983 claim, Ivy Tech argues that it is not a "person" that can be sued, and furthermore, it is immune from § 1983 claims. [Filing No. 32 at 13-15.]

In reply, Plaintiff withdraws her § 1983 claim. [Filing No. 33 at 3 n.2 ("Plaintiff is willing to withdraw her Section 1983 claims.").] As for amending to add the Title VII claims, she says that she has good cause for seeking amendment after the January 3, 2022 CMP Order deadline because, as set forth in a prior motion for extension of time to respond to Defendant's Motion to Dismiss, Plaintiff's counsel had a heavy workload and then contracted and was hospitalized with COVID-19 in December 2021 and into January 2022. She explains that when she filed the new EEOC Charge on January 25, 2022, counsel requested "that the EEOC issue a Notice of Right to Sue immediately because a federal complaint between the two parties, dealing with similar issues was pending." [Filing No. 33 at 2.] Plaintiff further explains that the "EEOC issued the Notice of Right to Sue after proof that federal lawsuit had been filed between the parties" was submitted. [Filing No. 33 at 2.]

### A. Joinder of Claims

As a preliminary matter, the Court addresses the question implicitly raised by Ivy Tech as to whether a plaintiff can swap one legal theory for another after a complaint is filed. [*See* Filing No. 32 at 9 (arguing that Plaintiff's Motion to Amend "alleg[es] entirely new and separate claims; claims which do not arise from the same facts and circumstances alleged in the Original Complaint").] Generally, a plaintiff may raise in a single lawsuit all claims the plaintiff has against a defendant. *See* Fed. R. Civ. P. 18(a) (permitting a party to "join, as independent or alternative claims, as many claims as it has against an opposing party"); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that under Fed. R. Civ. P. 18(a) "multiple claims against a single party are fine"). Against this underlying principle that a plaintiff can file a single lawsuit with as

many claims (related or unrelated) as the plaintiff possesses against a defendant, Ivy Tech cites no case law for the proposition that a plaintiff's subsequently added claim against a defendant must relate to prior claims against that defendant. Furthermore, even if such rule did exist, the allegations in the Proposed Amended Complaint center on the similar issues raised in Plaintiff's original Complaint, namely, her alleged treatment and performance at work and the alleged reasons for denying Plaintiff certain work opportunities.

Finding no basis in law or fact to deny Plaintiff the opportunity to amend solely because she seeks to assert a new claim that differs from her original claim, the Court turns to the traditional standards governing amending pleadings.

**B. Rule 16 Good Cause Standard**

When a party seeks leave to amend after the deadline for amendments to the pleadings has expired, the party must show "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause."); *see also Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) ("To amend a pleading after the expiration of the trial court's scheduling order deadline to amend pleadings, the moving party must show 'good cause.'") (internal citation and quotation marks omitted). Courts may "apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal citation and quotation marks omitted). Because the deadline for the parties to amend their pleadings was January 3, 2022, [Filing No. 18 at 3], Plaintiff must show "good cause" for seeking leave to amend on January 26, 2022—*i.e.*, 23 days after the deadline. "Rule 16's 'good cause' standard focuses primarily on the moving party's diligence in seeking leave to amend or supplement its complaint." *R3 Composites Corp. v. G&S Sales Corp.*, 2021 WL 613836, at *3 (N.D. Ind. Feb. 17, 2021).

The good cause offered by Plaintiff for the 23-day delay (found in her reply brief) is that Plaintiff's counsel was suffering from COVID-19 symptoms and complications during December 2021 and January 2022, including a hospitalization.[2] [Filing No. 33 at 1.] She also notes that she needed to exhaust her claim with the EEOC first before filing her Title VII claim. [Filing No. 33 at 2.] Ivy Tech correctly notes that Plaintiff failed to provide this explanation in her Motion for Leave to Amend. [Filing No. 32 at 5.] While Plaintiff should have included this explanation in her Motion rather than her reply brief, the Court finds good cause in counsel's illness under Fed. R. Civ. P. 16(b)(4) for the brief 23-day delay.

### C. Rule 15 Standard

Under Fed. R. Civ. P. 15(a)(2), a court should "freely give leave" for a party to amend a complaint "when justice so requires." Notwithstanding that permissive directive, district courts have broad discretion to deny leave to amend "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Ivy Tech argues that leave should be denied (1) because Ivy Tech will be prejudiced by Plaintiff's undue delay in seeking amendment; and (2) because Plaintiff's proposed amendments are futile.

#### 1. Undue Delay and Undue Prejudice

Undue delay considers the stage of the proceedings at which a party seeks leave to amend. *See, e.g.*, *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) (noting that Seventh Circuit case law "uniformly advis[es] that a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered

---

[2] Of note, on December 31, 2021 (*i.e.*, before the January 3, 2022 deadline for amending pleadings, Plaintiff sought an extension to respond to Ivy Tech's Motion to Dismiss because of counsel's illness and hospitalization. [Filing No. 27.]

6

unduly delayed and prejudicial"). Undue delay "generally arises when a plaintiff seeks leave to amend deep into the litigation." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (citation omitted).

Here, there is no undue delay. First, the Court entered the CMP Order on October 5, 2021, setting a deadline for completing liability discovery of June 2, 2022 and a dispositive motion deadline of August 2, 2022. [Filing No. 18 at 6.] The parties had many months of discovery remaining when Plaintiff sought leave to amend in January 2022. Second, at the request of both parties, the Court stayed all deadlines in the CMP Order until it ruled on the instant Motion to Amend. [Filing No. 35.] Finally, the Court notes that some of the discovery for the newly added Title VII claim would likely be duplicative of the discovery for Plaintiff's ADA claim because both involve the nature and conditions of Plaintiff's employment with Ivy Tech.

Ivy Tech's primary argument that Plaintiff unduly delayed in seeking amendment focuses on the fact that Plaintiff waited until the deadline for her to file a response to Ivy Tech's Motion to Dismiss to seek leave to amend. [Filing No. 32 at 9.] Ivy Tech complains that "[i]nstead of responding to the Motion to Dismiss, Plaintiff filed the Motion to Amend alleging entirely new and separate claims." [Filing No. 32 at 9.] Ivy Tech also says that it will be prejudiced by the alleged delay because it will "bear[] the expense of responding to another complaint, which is entirely new in both its legal theories and factual allegation" and complains that "[a]ll the work performed by [Ivy Tech] with respect to the Original Complaint (now completely abandoned by Plaintiff) is worthless." [Filing No. 32 at 9-10.]

But these circumstances are not unusual or prejudicial. It is often the case that a plaintiff will seek leave to amend a complaint to address deficiencies raised by a motion to dismiss. That is what Plaintiff did here. Furthermore, the alternative intimated by Ivy Tech's argument—that a

7

plaintiff should file a response brief rather than seeking to correct deficiencies or file a new lawsuit if a plaintiff wants to add new claims—is not efficient for either the Court or the parties. Plaintiff also alleges additional facts that had not yet occurred at the time she filed her original Complaint. Accordingly, the Court finds that the circumstances here do not present undue delay or prejudice.

### 2. Futility

Ivy Tech also argues that Plaintiff's proposed amendments are futile. [Filing No. 32 at 10.] In response to Ivy Tech's argument that it is not a suable "person" for purposes of Plaintiff's proposed 42 U.S.C. § 1983 claim, Plaintiff has "withraw[n]" this claim. [Filing No. 33 at 3 n.2.] Therefore, the Court only addresses whether Plaintiff proposed Title VII discrimination claim is futile. Futility is generally assessed by analyzing whether the amendment would survive dismissal under Fed. R. Civ. P. 12(b)(6). *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015); *Crestview Vill. Apts. v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). Ivy Tech's futility argument is anchored in the fact that the EEOC issued Plaintiff a right-to-sue letter just one day after Plaintiff filed her EEOC charge because Plaintiff's counsel asked for the EEOC to immediately issue a letter. [Filing No. 32 at 10-12.]

"Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). An EEOC regulation permits early issuance (before the typical 180-day period) of a right-to-sue letter if an EEOC "District Director, the Field Director, the Area Director, the Local Director, the Director of the Office of Field Programs or upon delegation, the Director of Field Management Programs" determines "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written

certificate to that effect." 29 C.F.R. § 1601.28(a)(2). The issuance of a right-to-sue letter usually terminates the EEOC's processing of the charges. 29 C.F.R. § 1601.28(a)(3).

Although the Seventh Circuit has yet to expressly address the matter, the prevailing view among district courts within the Circuit is that these regulations permit the EEOC to issue right-to-sue letters without conducting any review of the case. *See, e.g.*, *King v. Dunn Mem'l Hosp.*, 120 F. Supp.2d 752, 758 (S.D. Ind. 2000) (Hamilton, J.); *Krause v. Turnberry Country Club*, 571 F. Supp.2d 851, 861 (N.D. Ill. 2008); *Dancy v. Jack's Premium Car Wash & Oil Lube, LLC*, 2011 WL 916616, at *4 (S.D. Ill. Mar. 16, 2011); *Horne v. Schult Homes Corp.*, 1999 WL 1953131, at *8 (N.D. Ind. Sept. 10, 1999). *But see Simler v. Harrison Cnty. Hosp.*, 110 F. Supp.2d 886 (S.D. Ind. 2000) (remanding to EEOC because issuance of right-to-sue letter 15 days after filing of charge did not have the hallmarks of an investigation into the charge).

Here, the EEOC issued a right-to-sue letter the day after it received Plaintiff's charge. Ivy Tech urges the Court to follow the minority view expressed in *Simler* and find that further EEOC investigation is necessary. [*See* Filing No. 32 at 11-12.] The Court declines to do so and instead adopts the majority rule that does not require inquiry into the investigation performed by the EEOC. *See King*, 120 F. Supp.2d at 758. Therefore, the one-day turnaround between the charge and the issuance of the right-to-sue letter does not render Plaintiff's proposed Title VII claim futile.

Ivy Tech next argues that Plaintiff's Title VII claim is futile because Plaintiff did not attach the written certification from the EEOC stating that "it is probable that the [EEOC] will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge." 29 C.F.R. § 1601.28(a)(2). [Filing No. 32 at 11.] But, again, the majority of federal courts that have considered the issue have held that attaching the certification is not necessary. *See Dancy*, 2011 WL 916616, at *4 ("[T]he Court, following the Tenth Circuit and the courts within

9

Illinois' Northern and Central Districts, finds [the plaintiff's] failure to attach written certification pursuant to Section 1601.28(a)(2) does not warrant dismissal of his claims."); *Krause*, 571 F. Supp.2d at 859 (finding Plaintiff's failure to attach the right-to-sue letter or the EEOC certification was "not fatal" to her complaint). Therefore, the Court rejects Ivy Tech's argument that Plaintiff was required to attach the certification.

Finally, Ivy Tech argues that Plaintiff's right-to-sue letter is defective because it was issued by the EEOC rather than the Attorney General of the United States. [Filing No. 32 at 12-13.] 29 C.F.R. § 1601.28(d)(2) governs right-to-sue letters "[i]n all cases where the respondent is a government, governmental agency, or a political subdivision." Under that section, "the Attorney General will issue the notice of right to sue, including … [w]here the charging party has requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2)." *Id.* Ivy Tech notes that it is a political subdivision and instrumentality of the State of Indiana, and therefore argues that Plaintiff's right-to-sue letter issued under § 1601.28(a)(2) should have been signed by the Attorney General rather than the EEOC district director. [Filing No. 32 at 13.]

However, courts interpreting this section of the regulations have held that "the Attorney General does not have to issue a notice of right to sue in cases involving a government, governmental agency, or a political subdivision if the EEOC does not find reasonable cause to believe the charge is true." *Voorhees v. Montgomery Cnty. Cmty. Coll.*, 397 F. Supp. 3d 713, 721 (E.D. Pa. 2019) (collecting cases). This is so because 42 U.S.C. § 2000e-5(f)(1) permits the EEOC, instead of the Attorney General, to issue the notice of right to sue a government entity once it determines that there is no reasonable cause to warrant further action. *See Dougherty v. Barry*, 869 F.2d 605, 611 (D.C. Dir. 1989). "Thus, the statutory language and structure contemplate that the [EEOC] will issue right to sue notices in cases involving a governmental unit when it does not

find probable cause. The Attorney General will issue such notices only when the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers to the Justice Department, but the Attorney General decides not to pursue the action." *Id.* at 611-612. The EEOC's "own regulations support this interpretation of Title VII" because "[u]nder those regulations, '[i]n all cases where the respondent is a … government agency … the [EEOC] will issue the notice of the right to sue when there has been a dismissal of a charge.'" *Thompson v. Conn. State Univ.*, 466 F. Supp.2d 444, 449-50 (D. Conn. 2006) (quoting 29 C.F.R. § 1601.28(d)). *See also Nuey v. City of Cranston*, 524 F. Supp. 3d 1, 6 (D.R.I. 2021) ("The reconciliation of any ambiguity is that the Attorney General will issue such notices *only when* the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action.") (internal quotation marks omitted) (emphasis original).

Here the EEOC dismissed Plaintiff's charge against Ivy Tech. Pursuant to regulations and governing law, the EEOC is authorized to issue such a dismissal. Only when the EEOC finds probable cause and refers the matter to the Department of Justice is authorization from the Attorney General required. The EEOC did not find probable cause here. Thus, Ivy Tech's argument rests on an incorrect reading of § 1601.28(d), and the Court rejects it.

In sum, the Court rejects each of Ivy Tech's arguments that Plaintiff's Title VII claim is futile for purposes of Fed. R. Civ. P. 15(a)(2). Therefore, the Court **GRANTS** Plaintiff's motion for leave to amend as to the proposed Title VII claim.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend, [31], is **GRANTED**. Plaintiff is **ORDERED** to file her Proposed Amended Complaint, [31-2], within **three (3) days of this Order**, omitting the now withdrawn 42 U.S.C. § 1983 claim.

The Stay Order, [35], entered by this Court is **LIFTED**. The parties are **ORDERED** to meet and confer about the remaining case schedule and file a proposed revised Case Management Plan (*available at* https://www.insd.uscourts.gov/case-management-plans) within **fourteen (14) days** of this Order.

This matter is scheduled for a telephonic status conference on **Thursday, May 12, 2022 at 9:30 a.m. (Eastern)** to discuss case status. Counsel shall attend the status conference by calling the designated telephone number, to be provided by the Court via email generated by the Court's ECF system.

Date: 4/12/2022

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**